IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG


CHRISTOPHER WIGFALL,

                  Petitioner,

v.

UNITED STATES OF AMERICA,

                  Respondent.

Criminal No.: 3:17-CR-4
Civil No.:   3:20-CV-70
 (GROH)


## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On May 19, 2020, Christopher Wigfall ("Petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 186, 191.[1] The undersigned now issues this Report and Recommendation on Petitioner's motion without requiring the Government to respond and without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's motion.

### II.   FACTS

#### A.   Petitioner's Instant Conviction and Appeal

On February 22, 2018, Petitioner was adjudged guilty of two counts of Distribution of Heroin and one count of Possession with Intent to Distribute Heroin, all in violation of 21 U.S.C §§ 841(a)(1) and 841(b)(1)(C). ECF No. 130. On August 20, 2018, Petitioner

---

[1] From this point forward, all CM/ECF Numbers refer to Petitioner's Criminal Action, 3:17-CR-4.

was sentenced to a term of 210 months imprisonment on each count, with all three sentences to be served concurrently with one another, followed by three years of supervised release. ECF No. 162 at 3 – 4. According to the Pre-Sentence Report ("PSR"), Petitioner was deemed a career offender within the meaning of U.S.S.G. ("Guidelines") § 4B1.1 for the following reasons: (1) Petitioner was 18 years or older at the time of the commission of the instant offense; (2) the instant offense of conviction was a felony controlled substance offense; and (3) Petitioner had at least two prior qualifying felony convictions of either a crime of violence or a controlled substance offense. ECF No. 161 at 8, ¶ 30.

On August 28, 2018, Petitioner timely filed a notice of appeal.  ECF. No. 164. Counsel filed an Anders[2] brief which raised three issues before the Fourth Circuit Court of Appeals. Petitioner argued that, "the district court erred by (1) denying Wigfall's challenge under Batson v. Kentucky, 476 U.S. 79 (1986), during jury selection when the Government used a peremptory strike on an African-American man in the jury pool; (2) designating Wigfall a career offender, based on prior Maryland felony convictions for possession of a narcotic with intent to distribute and robbery with a dangerous and deadly weapon; and (3) imposing an unreasonable sentence."  ECF No. 177 at 2.  On June 21, 2019, the Fourth Circuit Court of Appeals rejected Petitioner's claims and affirmed the district court's judgment.  Id. at 4.

---

[2] Anders v. California, 386 U.S. 738 (1967).

**B. Instant Motion to Vacate Under 28 U.S.C. § 2255**

On April 28, 2020, Petitioner timely filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[3]  ECF No. 186.  Petitioner asserts two points in his motion.  ECF No. 191.  First, Petitioner argues that his sentencing guideline range "was incorrectly enhanced under [U.S.S.G.] § 4B1.1(a) – Career Criminal Act" because the enhancement should not include one of his two prior felony convictions, specifically his May 20, 2002 felony conviction in Maryland of "Md. Crim. Code § 5-602-CDS: Possession with Intent to Distribute: Narcotic."  ECF No. 191 at 7.  Second, Petitioner argues that he received ineffective assistance of counsel because his counsel did not seek to delay sentencing in the interim between Congress' passage of the First Step Act and the President's signature, so that Petitioner could potentially benefit from the First Step Act. Id.

On July 7, 2020, the Government filed its response to Petitioner's motion.[4] As to the first claim, the Government argues that the district court correctly found Petitioner to be a career offender under U.S.S.G. § 4B1.1(a), because he met the three qualifications mandated by the Guidelines.  ECF No. 194 at 3. The Government further addresses Petitioner's claim that his prior felony conviction does not qualify as a prior conviction under § 4B1.1(a) by stating that the felony conviction for violation of "Md. Crim. Code § 5-602 – CDS: Possession with Intent to Distribute Narcotics and the amount of crack cocaine found in Petitioner's possession demonstrate that the conviction was a "controlled substance offense" as required under the Guidelines. Id. 3 – 4. The

---

[3] On the same day Petitioner filed his original motion to vacate, the Clerk issued a Notice of Deficient Pleading which directed Petitioner that all such motions must be filed on the Court-approved form. ECF No. 189. On May 19, 2020, Petitioner filed his motion on the Court-approved form. ECF No. 191.

[4] The Government responded to the arguments Petitioner made in the memorandum of law attached to his original pleading, ECF No. 186-1. However, Petitioner did not attach the memorandum of law to the Court-approved form.  ECF No. 191.

Government also argues that Petitioner's reliance upon <u>Aviles v. U.S.</u>, 938 F.3d 503 (3rd Cir. 2019) is misplaced, as <u>Aviles</u> addresses a statutory sentence enhancement under 21 U.S.C. § 841(b)(1)(A) due to two prior felony drug offenses, as opposed to Petitioner's enhancement under the Guidelines § 4B1.1, "because [Petitioner] had a prior 'controlled substance offense' and a prior 'crime of violence.'" ECF 194 No. 4.    Finally, the Government argues that recent changes to the Maryland Sentencing Guidelines and the Maryland Annotated Code did not impact Md. Crim. Code § 5-602, and thus Petitioner's "prior felony conviction is still a felony and is still a crime punishable by a term exceeding one year." <u>Id.</u> at 5.

As to Petitioner's second claim, the Government asserts that Petitioner did not receive ineffective assistance of counsel as a result of counsel not delaying sentencing pending the passage of the First Step Act because the Act "has no application whatsoever to the [Petitioner's] case." <u>Id.</u> at 5. Finally, under the two-prong test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Government argues the defendant did not receive ineffective assistance of counsel. <u>Id.</u> at 6 – 7.

### III.    LEGAL STANDARD

#### A.    Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief.  A complaint is frivolous if it is without arguable

merit either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded

by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon, baseless
> lawsuits that paying litigants generally do not initiate because
> of the costs of bringing suit and because of the threat of
> sanctions for bringing vexatious suits under Federal Rule of
> Civil Procedure 11. To this end, the statute accords judges
> not only the authority to dismiss a claim based on an
> indisputably meritless legal theory, but also the unusual
> power to pierce the veil of the complaint's factual allegations
> and dismiss those claims whose factual contentions are
> clearly baseless.

490 U.S. at 327.

### B.    Motions Under 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the

sentence imposed by a federal court, "if (1) the sentence violates the Constitution or

laws of the United States; (2) the sentencing court lacked jurisdiction to impose the

sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is

otherwise subject to collateral attack.'" <u>Beyle v. United States</u>, 269 F. Supp. 3d 716, 725

(E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to

collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental

defect which inherently results in a complete miscarriage of justice.'" <u>Id.</u> (quoting <u>United</u>

<u>States v. Addonizio</u>, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving

---

[5]  The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

one of those grounds by a preponderance of the evidence." Id. (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." Id. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." Id. (citing Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970)).

## IV.    ANALYSIS

### A.    Petitioner's First Claim is Precluded from Review

First, the Government responded to Petitioner's claims as set forth in his motion to vacate originally filed on April 28, 2020, which was rejected for deficient pleading. ECF No. 189. However, the court may only consider a motion to vacate filed on the Court-approved form.  Petitioner filed the Court-approved form on May 19, 2020. ECF No. 191. Yet this motion does not contain the same memorandum of law or all the same arguments that Petitioner made in the motion filed April 28, 2020.  Accordingly, the court will only address those arguments raised in the Court-approved form filed on May 19, 2020.[6]

Federal prisoners may not use a § 2255 petition to re-litigate questions that were raised and considered on direct appeal. United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009); citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.1976) (per curiam) ("Boeckenhaupt will not be allowed to recast, under the guise of collateral attack, questions fully considered by this court in [his direct appeal]."); United States v. Sanin, 252 F.3d 79, 83 (2d Cir.2001) ("It is well established that a § 2255 petition cannot

---

[6] Although the court may only issue a report and recommendation on the arguments raised in the May 19, 2020 motion, the court considered the arguments raised in the April 28, 2020, memorandum of law and finds they are not viable.

be used to relitigate questions which were raised and considered on direct appeal." (internal quotation marks omitted)); DuPont v. United States, 76 F.3d 108, 110 (6th Cir.1996) (same). Although Petitioner argues that his first claim was not presented on appeal, the Fourth Circuit previously determined that the district court properly "designat[ed] Wigfall a career offender based on prior Maryland felony convictions for possession of a narcotic with intent to distribute and robbery with a dangerous and deadly weapon." ECF No. 177 at 2. Petitioner attempts to have the district court review a claim that has already been fully litigated on appeal by adding secondary claims regarding his Maryland controlled substance conviction, the Third Circuit's analysis in Aviles, and revisions to the Maryland Annotated Code and the Maryland Sentencing Guidelines. ECF No. 194 at 2-5. Yet all these subsidiary arguments are used to bolster Petitioner's first contention that he is not a career offender. Petitioner already presented and litigated this argument before the Fourth Circuit Court of Appeals. ECF No. 177 at 4. Petitioner's first claim is thus precluded from review as part of the § 2255 motion because this issue was fully litigated on appeal. See Linder 552 F. 3d 396.

### B. Petitioner's Ineffective Assistance of Counsel Claim is Meritless

The Sixth Amendment guarantees a right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test to determine whether counsel was constitutionally ineffective.

Under the first prong, Petitioner must demonstrate that his counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. But, "[j]udicial scrutiny of counsel's performance must be highly deferential"

because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense assistance after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. In addition, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Id. at 689-90.  There are no absolute rules for determining what performance is reasonable. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (noting counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

Under the second prong, Petitioner must show that counsel's deficient performance caused him prejudice. Strickland, 466 U.S. at 687. To show prejudice, Petitioner must show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (quoting Strickland, 466 U.S. at 687 (1984)). Consequently, if counsel's errors have no effect on the judgment, the conviction should not be reversed. Strickland, 466 U.S. at 691. The Fourth Circuit has recognized that, if a defendant "cannot demonstrate the requisite prejudice, [then] a reviewing court need not consider the performance prong" and vice versa. Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

In the instant case, Petitioner asserts that he suffered from ineffective assistance of counsel because his attorney neither delayed nor attempted to delay sentencing until after President Trump signed the First Step Act into law.  ECF No. 186-1 at 6. Petitioner argues that he would have benefitted from such a delay as the First Step Act would have rendered his Maryland felony drug conviction inapplicable to his sentencing guideline

determination. Id. However, the First Step Act would not have impacted or benefitted Petitioner's sentencing as the relevant portions of the Act (respectively Sections 401, 404, and 401) addressed statutory penalty enhancements under 21 U.S.C. § 841, reduced penalties for crack cocaine offenses under 21 U.S.C. § 841(b)(1), and changed certain mandatory minimum sentences for drug convictions under 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(C). ECF No. 194 at 6. As the Government noted, none of these amendments would have impacted Petitioner's sentencing. Id. First, Petitioner did not receive a statutory penalty enhancement and thus Section 401 of the First Step Act is inapplicable to his sentence. Id. Second, the instant offense of conviction is distribution of heroin, not crack cocaine, thus, Section 404 does not apply to Petitioner. Id. Third, Petitioner's conviction under 21 U.S.C. § 841(b)(1)(C) does not carry a mandatory minimum sentence and thus the changes to mandatory minimum sentences under 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) do not impact Petitioner. Id.

Petitioner's arguments do not meet the two-pronged Strickland test. Under the first prong, counsel's decision not to delay sentencing while awaiting an act inapplicable to Petitioner's case does not fall below an objective standard of reasonableness. As to the second prong, Petitioner has failed to demonstrate beyond a reasonable probability that but for Counsel not delaying sentencing, the outcome would have been different. Thus, Petitioner has failed to meet either prong of Strickland, and is not entitled to relief under § 2255.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody [Civil Action No. 3:20-cv-70, ECF No. 1; Criminal Action No. 3:17-cr-4, ECF No. 191] be **DENIED** and **DISMISSED**.

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge Gina M. Groh. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his

last known address as reflected on the docket sheet.

DATED: August 19, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE